IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL S. HART,**

      **Plaintiff,**

   v.

**JOSEPH R. BIDEN, JR.,**

      **Defendants.**

         **Civil Action 2:21-cv-4290**
         **Chief Judge Algenon L. Marbley**
         **Magistrate Judge Kimberly A. Jolson**

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Order to Show Cause (Doc. 4) and the Order to provide updated contact information (Doc. 6). Plaintiff did not respond to either. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

Plaintiff filed this suit on August 31, 2021. (Doc. 1). Plaintiff requested Issuance of Summons (Doc. 2), so a Summons Issued was mailed to Plaintiff for service purposes (Doc. 3). Plaintiff did not complete service, nor did he engage with this Court from September 2021 to January 2022. On December 13, 2021, Plaintiff was ordered to show good cause why this action should not be dismissed and why an extension of time to effect service should be allowed. (Doc. 4). The Court sent this Order to the address provided by Plaintiff (12000 Summer Haven Dr., Hillsboro, OH 45133) but it was returned as undeliverable and marked "moved left no address, unable to forward." (Doc. 5). Thus, on January 4, 2022, the Court ordered Plaintiff to provide updated contact information. (Doc. 6). This Order was also returned as undeliverable. (Doc. 7). In sum, Plaintiff failed to comply with his service obligation, failed to provide updated contact

information to the Court, failed to respond to the Court's orders, and failed to otherwise communicate with the Court regarding this case.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, Plaintiff has not complied with his service obligation, nor has he shown cause. Furthermore, other than filing his

Complaint (Doc. 1), Plaintiff has failed to communicate or engage with the Court. Finally, Plaintiff's show cause was returned as undeliverable, and the mailing indicated Plaintiff moved and provided no forwarding address. (Doc. 5). Plaintiff has not provided an updated address to the Court, as required by the Court's Order (Doc. 6) and the *pro se* handbook. This lack of service and lack of communication with the Court indicates that Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Since no Defendant has been served, there is little risk of prejudice, but the remaining factors weigh in favor of dismissal. The Court warned Plaintiff in its Order (Doc. 6) that failure to comply with the order would result dismissal. Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to meaningfully participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

## IV.   CONCLUSION

For these reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within **fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  January 19, 2022                                    /s/ Kimberly A. Jolson
                                                                         KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE